**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 27, 2019[*]
Decided March 28, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-2330

| | |
|---|---|
| PETER ODONGO, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:16-cv-02422-SEB-MJD |
| CEVA LOGISTICS, U.S., INC. | |
| and PAUL FOX, | Sarah Evans Barker, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Peter Odongo, who was born in Uganda, briefly worked at CEVA Logistics before suing the company and his manager there for race and national-origin discrimination, hostile work environment, and retaliation. The district court entered summary judgment for the defendants. Because Odongo has not provided sufficient evidence to support his claims, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Odongo was assigned by a staffing agency to work as a "bulk packer" at CEVA's Indianapolis warehouse, where he remained for approximately three weeks until the agency fired him for reports of poor performance. His job duties included unpacking boxes of bulk merchandise delivered to him by a forklift driver and then placing that merchandise into other boxes to fulfill customer orders. When his manager, Paul Fox, approached him with concerns about his performance, Odongo complained that the forklift driver gave the smaller orders (which could be filled more quickly) to another bulk packer and not to him. Fox investigated Odongo's claims and instructed the forklift driver and the other bulk packer not to play favorites. Later, Odongo failed to include a large number of parts in an order, prompting Fox to complain to the staffing agency, which then ended Odongo's assignment to CEVA.

Odongo sued CEVA and Fox, alleging that they subjected him to discrimination and a hostile work environment based on his race and national origin, and fired him in retaliation for previously having filed charges of discrimination and lawsuits against other employers, all in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Odongo based his hostile work environment claim on allegations that his coworkers (the forklift driver, in particular) insulted him and slowed down his work.

Discovery ensued, and the defendants eventually moved for summary judgment. Odongo later sought sanctions based on allegations that Fox, upon learning of Odongo's charge of discrimination, deliberately destroyed worksheets documenting Odongo's work.

The district court granted the defendants' motion for summary judgment. The court explained that, even if it assumed that Odongo's employer was CEVA (rather than the staffing agency) and that Fox was his employer's agent, Odongo had failed to meet his evidentiary burden as to each of his claims. He failed to adduce any evidence to raise an inference (1) that his termination was based on discrimination rather than poor performance; (2) that the harassment he alleged to have faced from coworkers was sufficiently severe or pervasive to amount to a hostile work environment, or that it related to his race or national origin; or (3) regarding his retaliation claim, that Fox (or anyone else at CEVA) knew of his prior complaints of discrimination against other employers. The court also denied Odongo's request for sanctions based on spoliation of evidence because he proffered no evidence that Fox had destroyed the worksheets in bad faith rather than according to his normal practice of disposing of daily worksheets every one or two months.

On appeal, Odongo focuses his argument on his race and national-origin discrimination claims and argues that the district court did not view the evidence in the light most favorable to him.[1]  He maintains, for instance that he should not be blamed for any performance shortcomings because coworkers delayed his work and Fox increased performance expectations too quickly. But even if we take Odongo at his word that others played a role in his failure to meet performance expectations, he cannot point to anything in the record to challenge the court's determination that no reasonable factfinder could conclude that his race or national origin caused his discharge. *See, e.g.*, *Reed v. Freedom Mortg. Corp.*, 869 F.3d 543, 547 (7th Cir. 2017).

Odongo also argues that the district court wrongly decided his spoliation-of-evidence motion and that a genuine issue of material fact would exist were it not for this error. He believes that the court should have inferred that the missing documents were adverse to CEVA and Fox, thereby calling into question whether he was fired for a nondiscriminatory reason. But such an inference is available only if Fox destroyed evidence in bad faith to hide negative information. *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008). Odongo offers nothing to challenge the district court's finding that Fox destroyed the worksheets not as a means to hide information (that was also available in CEVA's computer system) but as a regular business practice. The district court acted well within its discretion in denying the motion. *See Bracey v. Grondin*, 712 F.3d 1012, 1020 (7th Cir. 2013); *Faas*, 532 F.3d at 644–45.

We have considered Odongo's remaining arguments, and none has merit.

AFFIRMED

---

[1]  He mounts no challenge to the district court's conclusions regarding his claim of hostile work environment or the defendants' lack of knowledge about his prior discrimination charges against other employers, and we therefore say nothing further about these rulings.